1

2

3                                                              O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   REZA AKHTARSHAD, AYAKO    )    Case No. EDCV 08-290-VAP
     AKHTARSHAD, and R. A., a  )    (JCRx)
12   minor by and through his  )
     Guardian Ad Litem Reza    )    **[Motion filed on January 9,**
13   Akhtarshad,               )    **2009]**
                               )
14              Plaintiff,     )    **ORDER GRANTING MOTION FOR**
                               )    **SUMMARY JUDGMENT**
15        v.                   )
                               )
16   THE CITY OF CORONA, THE   )
     CORONA CITY POLICE        )
17   DEPARTMENT, and BEAU      )
     CHRISTIAN, individually   )
18   and in his capacity as    )
     an employee of the        )
19   Corona Police             )
     Department,               )
20                             )
                Defendants.    )
21   _____ )

22        Defendants City of Corona, the Corona City Police

23   Department, and Beau Christian filed a Motion for Summary

24   Judgment on January 9, 2009.  Plaintiffs Reza Akhtarshad,

25   Ayoka Akhtarshad, and R. A., a minor by and through his

26   Guardian Ad Litem Reza Akhtarshad, filed no timely

27   Opposition to the Motion for Summary Judgment.  For the

28   following reasons, the Court GRANTS the Motion.

1

# I. BACKGROUND

2   Plaintiffs Reza Akhtarshad, Ayoka Akhtarshad, and R.

3   A., a minor by and through his Guardian Ad Litem Reza

4   Akhtarshad, filed a Complaint on March 5, 2008 against

5   Defendants the City of Corona, the Corona City Police

6   Department, and Beau Christian ("Officer Christian"),

7   individually and in his capacity as an employee of the

8   Corona City Police Department.  The Complaint contains

9   the following claims, by all Plaintiffs against all

10  Defendants:

11  • The first claim for violation of 42 U.S.C. §

12  1981, for intentional racial discrimination.

13  (Compl. at ¶¶ 48-53.)

14  • The second claim for violation of 42 U.S.C. §

15  2000d, for intentional racial discrimination.

16  (Compl. at ¶¶ 54-57.)

17  • The third claim for violation of 42 U.S.C. §§

18  1983, 1985, 1986, and 1988, the Fourth

19  Amendment, the Sixth Amendment,[1] and the

20  Fourteenth Amendment, for intentional racial

21  discrimination, "the unlawful use of force,

22  assault, battery, arrest, detention, conspiracy,

23  imprisonment, prosecution, racial and ethnic

24  profiling, interference with right to patronize

25

26  _____

27  [1] In Plaintiffs' First Amended Complaint, discussed
below, Plaintiffs removed the Sixth Amendment claim and
28  replaced it with a Fifth Amendment claim.

1    businesses and denial of equal protection."

2    (Compl. at ¶¶ 58-62.)

3    •    The fourth claim for violation of California

4         Civil Code §§ 51, 51.7, 52, 52.1, and 52.3, for

5         intentional racial discrimination, "the unlawful

6         use of force, assault, battery, arrest,

7         detention, conspiracy, imprisonment,

8         prosecution, racial and ethnic profiling,

9         interference with right to patronize businesses

10        and denial of equal protection." (Compl. at ¶¶

11        63-67.)

12   •    The fifth claim for committing the California

13        tort of "unlawful use of force, detention,

14        arrest, and prosecution." (Compl. at ¶ 68-69.)

15   •    The sixth claim for committing the California

16        tort of "assault and battery." (Compl. at ¶ 70-

17        71.)

18   •    The seventh claim for committing the California

19        tort of "child endangerment." (Compl. at ¶ 72-

20        73.)

21   •    The eighth claim for committing the California

22        tort of "intentional infliction of emotional

23        distress." (Compl. at ¶ 74-75.)

24   •    The ninth claim for committing the California

25        tort of "loss of affection/consortium." (Compl.

26        at ¶ 76-77.)

27

28

On July 31, 2008, Plaintiffs filed a First Amended Complaint ("FAC"), which removed claims five through nine of the original Complaint.

On January 9, 2009, Defendants filed a "Motion for Summary Judgment or Summary Adjudication of Issues" ("Motion") as to all of Plaintiffs' claims, the Declaration of Kelly R. M. Irwin ("Irwin Declaration"), with Exhibits A through O attached, including the manual filing of Exhibits A and B, and a "Separate Statement of Undisputed Facts and Conclusions of Law" ("SUF").

Defendants noticed the Motion for a hearing date of February 2, 2009 at 10:00 a.m.  Under Local Rule 7-9, a party must file Opposition papers no later than 14 days before the date designated for the hearing of the Motion. As January 19, 2009 was a Court holiday, Plaintiffs' Opposition was due on January 16, 2009.  Plaintiffs are represented by counsel and have filed no timely Opposition, as of the date of this Order.

## II. LEGAL STANDARD

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).  The moving party must show

that "under the governing law, there can be but one reasonable conclusion as to the verdict." <u>Anderson</u>, 477 U.S. at 250.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. <u>Margolis v. Ryan</u>, 140 F.3d 850, 852 (9th Cir. 1998); <u>Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.</u>, 707 F.2d 1030, 1033 (9th Cir. 1983).  The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

When the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case.  <u>Celotex</u>, 477 U.S. at 325. Instead, the moving party's burden is met by pointing out there is an absence of evidence supporting the non-moving party's case.  <u>Id.</u>

The burden then shifts to the non-moving party to show that there is a genuine issue of material fact that must be resolved at trial.  Fed. R. Civ. P. 56(e); <u>Celotex</u>, 477 U.S. at 324; <u>Anderson</u>, 477 U.S. at 256.  The non-moving party must make an affirmative showing on all

matters placed in issue by the motion as to which it has the burden of proof at trial.  <u>Celotex</u>, 477 U.S. at 322; <u>Anderson</u>, 477 U.S. at 252; <u>see</u> <u>also</u> William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, <u>Federal Civil Procedure Before Trial</u>, 14:144.

    A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  <u>Anderson</u>, 477 U.S. at 248.  In ruling on a motion for summary judgment, the Court construes the evidence in the light most favorable to the non-moving party.  <u>Barlow v. Ground</u>, 943 F.2d 1132, 1135 (9th Cir. 1991); <u>T.W. Electrical Serv. Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630-31 (9th Cir. 1987).

### III. UNCONTROVERTED FACTS[2]

Plaintiff Reza Akhtarshad was born in Iran and is a naturalized citizen of the United States.  (See FAC at ¶ 4.)  Plaintiff Ayako Akhtarshad was born in Japan and is a naturalized citizen of the United States.  (Id.)  Reza and Ayako Akhtarshad are a married couple.  (Id. at ¶ 7.)  Plaintiff R.A., the child of Reza and Ayako Akhtarshad, was born in the United States.  (Id. at ¶ 4.)

On December 22, 2006 at around 8:00 p.m., Plaintiffs were shopping at a Ross department store located at 330 North McKinley Street, in the City of Corona.  (Id. at ¶ 7)  Plaintiff Ayako Akhtershad ("Ayako") went to another area of the store, leaving Plaintiffs Reza Akhtarshad ("Reza") and R.A. ("R.A."), who was five years old,

_____

[2] The Court adopts as uncontroverted those material facts that are supported by evidence proffered by Defendants.  The Court does not review or consider Defendants' proposed statements of fact numbered 52-66 for any purpose because they relate to claims abandoned by Plaintiffs.  The Court includes, by way of material background information, undisputed information from Plaintiffs' FAC missing from Defendants' Statement of Undisputed Facts.

The Court notes Defendants' proposed facts numbered 8, 36, and 41 are not supported by the proffered evidence.  Proposed facts numbered 5 and 12 are supported only by the Christian Declaration cited, not by the video evidence, which is inconclusive.  The statement in proposed fact number 19 that "Plaintiff refused to cooperate" is not supported by the evidence cited.

In addition, the following proposed facts are not considered because they consist of legal conclusions: 10-11, 32-33, 37-40, 42-44, 47-52.

together shopping.[3]  (<u>Id.</u>)  R.A. was handling a pillow,
and a Ross employee contacted Reza and R.A. because of
this.  (<u>Id.</u>)  After the contact between them escalated
into a disagreement, a store manager arrived and asked
Reza and R.A. to leave the store.  (<u>See</u> SUF ¶ 3.)  The
Ross store manager called the police and said he had
asked Reza to leave the store, that Reza would not do so,
and that Reza was cursing at the Ross employees.  (<u>Id.</u> at
¶¶ 9, 21, 22.)  Corona City Police Department Officer
Christian was summoned to remove Reza and R.A. from the
store.  (<u>Id.</u> at ¶ 3.)

        Officer Christian arrived at the Ross store and began
talking with Reza.  (<u>See</u> FAC at ¶ 9.)  Reza was carrying
R.A. with his left arm.  (<u>Id.</u>)  Reza attempted to shut
the door on Officer Christian as the three of them went
outside the store.  (<u>See</u> SUF ¶¶ 5, 6, 12, 23.)  Officer
Christian immediately told Reza that he was under arrest
for assault on a peace officer.  (<u>Id.</u> at ¶¶ 5, 13, 24.)
Officer Christian grabbed Reza's right wrist and tried to
place Reza in a "rear wrist lock" but Reza pulled away
and pushed against Officer Christian.  (<u>Id.</u> at ¶¶ 7, 28.)
At some point, Officer Christian pushed Reza up against
the glass window of the Ross store, but Reza was not
injured.  (<u>Id.</u> at ¶ 27.)

---

        [3] The Court refers to the Plaintiffs by their first
names for ease of reference only.

1     After repeated attempts to gain control of Reza and
2 requests for him to put down R.A., an onlooker offered to
3 hold R.A.  (Id. at ¶¶ 14, 19, 25, 26.)  Reza handed R.A.
4 over to the onlooker, and Officer Christian immediately
5 pushed Reza to the ground, out of fear for everyone's
6 safety.  (Id. at ¶ 15.)  Officer Christian called for
7 emergency back-up on his radio.  (Id. at ¶ 16.)  Ayako
8 did not see the arrest of her husband take place.  (Id.
9 at ¶ 35.)

10

11     Reza did not lose consciousness when he was being
12 taken into custody.  (Id. at ¶ 29.)  Officer Christian
13 did not strike Reza at any time.  (Id. at ¶ 30.)

14

15     During his contact with Reza and R.A., Officer
16 Christian did not make any race-based comments.  (Id. at
17 ¶ 1.)  Officer Christian does not harbor any bias for or
18 against those of Persian descent.  (Id. at ¶ 2.)  Officer
19 Christian did not use disparaging remarks or racial slurs
20 against Plaintiffs.  (Id. at ¶ 4.)  Officer Christian was
21 motivated to arrest Reza because of Reza's conduct, and
22 for no other reason.  (Id. at ¶ 45.)

23

24     During booking, Reza asked to be taken to the
25 hospital because he believed he was having a heart
26 attack.  (Id. at ¶ 31.)  An ambulance transported Reza to
27 the hospital.  (Id. at ¶ 20.)  The paramedic attending to

28

Reza did not notice any visible injuries to Reza's head
or clavicles.  (Id.)  Reza did not complain to his wife,
Ayako, of any injury or pain after the incident.  (Id. at
¶ 34.)

     The District Attorney filed charges against Reza but
later dropped them.  (Id. at ¶ 46.)

## IV. DISCUSSION

     Defendants move for summary judgment on each of
Plaintiffs' four claims.

**A.   Claim One**

     Plaintiffs claim Defendants intentionally
discriminated against them based on Plaintiffs' race and
ethnicity.  To demonstrate a violation of 42 U.S.C. §
1981, a plaintiff must show "intentional discrimination
on account of race."  Evans v. McKay, 869 F.2d 1341, 1344
(9th Cir. 1989.)

     Defendants argue this claim, as against the City of
Corona, is invalid, because Plaintiff fails to plead that
the City has an unconstitutional custom, policy, or
practice.  See Monell v. Dep't of Social Services, 436
U.S. 658, 691 (1978).  A municipality may not be held
liable under a respondeat superior theory for the acts of
its employees.  Id. at 694; Gibson v. County of Washoe,

290 F.3d 1175, 1185 (9th Cir. 2002); <u>Fed'n of African</u>
<u>American Contractors v. City of Oakland</u>, 96 F.3d 1204,
1214-1215 (9th Cir. 1996) (Section 1981 does not impose
municipal respondeat superior liability on state actors).
Accordingly, as a matter of law, Plaintiffs cannot state
this claim against the City of Corona; Defendants are
entitled to summary judgment on Plaintiffs' first claim
against the City of Corona.

As against Officer Christian and the Corona City
Police Department, Defendants present evidence that
Officer Christian's arrest of Reza was based on probable
cause and not based on Reza's race or ethnicity.
Defendants show Officer Christian arrested Reza because
Reza attempted to "shut or slam the door [of the
department store] into [Officer Christian] as [Officer
Christian] exited [through the door]."  (Christian Decl.
at ¶ 5.)  Furthermore, Officer Christian states,
immediately after that incident, he informed Plaintiff
Reza Akhtarshad that "he was now under arrest for assault
on a police officer."  (<u>Id.</u> at ¶ 6.)

Plaintiffs carry the burden of proof on this claim at
trial; Defendants meet their burden by pointing out
Plaintiffs have no evidence to support their claim, or by
presenting evidence to defeat Plaintiffs' claim.  <u>See</u>
<u>Celotex</u>, 477 U.S. at 325.  Here, Defendants do both: they

1  argue Plaintiffs present no evidence to prove Plaintiff

2  Reza Akhtarshad's arrest was motivated by racial

3  discrimination, and they also present the evidence of

4  Officer Christian that the arrest was not racially

5  motivated and took place only because Reza tried to close

6  the door on Officer Christian.  (See Mot. at 3; Christian

7  Decl. at ¶¶ 5-6.)

8

9      Now, the burden shifts to Plaintiffs to demonstrate a

10  genuine issue of material fact that must be resolved at

11  trial.  Celotex, 477 U.S. at 324; Anderson, 477 U.S. at

12  256.  Plaintiffs do not oppose Defendants' Motion on its

13  merits and present no evidence to rebut Defendants'

14  arguments.  Accordingly, Officer Christian and the Corona

15  City Police Department are entitled to summary judgment

16  on Plaintiffs' first claim.

17

18  **B.  Claim Two**

19      Plaintiffs claim Defendants receive federal funding

20  and intentionally discriminated against Plaintiffs

21  because of their ethnicity and caused injury to

22  Plaintiffs, thus violating Title VI of the 1964 Civil

23  Rights Act, 42 U.S.C. § 2000d.  Title VI prohibits

24  discrimination on the basis of race, color, or national

25  origin in connection with a program or activity that

26  receives federal financial assistance.  See 42 U.S.C. §

27  2000d; Gonzaga University v. Doe, 536 U.S. 273, 283-84

28

1   (2002) (recognizing Title VI provides a private right of
2   action).   To demonstrate a violation of Title VI, a
3   plaintiff must show the following: (1) she was
4   discriminated against by the defendant; (2) her race,
5   color, or national origin motivated the defendant's
6   discriminatory conduct; and, (3) the defendant received
7   federal financial assistance.   See, e.g., Fobbs v. Holy
8   Cross Health System Corp., 29 F.3d 1439, 1447 (9th Cir.
9   1994), *overruled on other grounds by* Daviton v.
10  Columbia/HCA Healthcare Corp., 241 F.3d 1131 (9th Cir.
11  2001); Thomson by and through Buckhanon v. Bd. of Special
12  School Dist. No. 1, 144 F.3d 574, 581 (8th Cir. 1998).
13
14      Defendants argue Plaintiffs have no evidence to prove
15  this claim.   (See Mot. at 4.)   Since Plaintiffs have the
16  burden of proof at trial, Defendants meet their burden by
17  pointing out that there is an absence of evidence
18  supporting Plaintiffs' case.   See Celotex, 477 U.S. at
19  325.   The burden now shifts to Plaintiffs, who must
20  demonstrate a genuine issue of material fact that must be
21  resolved at trial.   Celotex, 477 U.S. at 324; Anderson,
22  477 U.S. at 256.   Plaintiffs do not rebut Defendants'
23  assertion with any admissible evidence.   Thus, Defendants
24  are entitled to summary judgment on Plaintiffs' second
25  claim.
26
27
28

**C.   Claim Three**

Plaintiffs allege Defendants intentionally discriminated against them based on their ethnicity, were subjected to "the unlawful use of force, assault, battery, arrest, detention, conspiracy, imprisonment, prosecution, racial and ethnic profiling, interference with right to patronize business and denial of equal protection" and, thus, violated 42 U.S.C. § 1983 and the Fourth Amendment, the Fifth Amendment, and the Fourteenth Amendment.  (Compl. at ¶¶ 58-62.)   The Court construes the following as cognizable claims properly brought under Section 1983: (1) wrongful arrest; (2) excessive force; and (3) violation of substantive due process.   The Court limits its analysis to these claims only.

To prove a claim under Section 1983, a plaintiff must show that the defendant violated his or her rights secured by the Constitution or laws of the United States and the defendant was a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 provides an avenue to vindicate federal rights but is not itself a source of substantive rights. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

Defendants argue Plaintiffs allege only a violation of due care, not protected under 42 U.S.C. § 1983.  (See Mot. at 19.)   The Court does not reach the merits of the

14

argument at this point, as Plaintiffs clearly allege
violations of three Constitutional Amendments;
accordingly, the Court rejects Defendants' argument.
Now, the Court evaluates each Constitutional Amendment
Plaintiffs argue Defendants violated.

### 1.   Fourth Amendment

As an initial matter, Plaintiffs bring this claim
against the City of Corona, without alleging that the
City has a custom, practice, or policy that violates
Plaintiffs' rights; Defendant City of Corona is entitled
to summary judgment as to the Fourth Amendment claim, as
a municipality has no respondeat superior liability for
the acts of its employees.  See Monell, 436 U.S. at 694;
Gibson, 290 F.3d at 1185.

As against Officer Christian and the Corona City
Police Department, Defendants argue Plaintiffs have no
evidence to support their claim that their Fourth
Amendment right to be free from excessive force had been
violated.  (See Mot. at 6.)  Defendants argue Officer
Christian's conduct of pushing Reza to the ground and
handcuffing him were not excessive, given the
circumstances.  (Id.)  Furthermore, Defendants point out
that Plaintiffs Ayako and R.A. can present no evidence as
to any excessive force they experienced.  (Id.)

1    Defendants also argue Officer Christian's arrest of

2 Reza was based on probable cause and was objectively

3 reasonable.  (See Mot. at 4-8.)  Defendants present the

4 sworn testimony of Officer Christian to support their

5 argument.  (Christian Decl. at ¶¶ 5-11.)

6

7    Plaintiffs carry the burden of proof on this claim at

8 trial; Defendants meet their burden by pointing out

9 Plaintiffs have no evidence to support their claim, or by

10 presenting evidence to defeat Plaintiffs' claim.  See

11 Celotex, 477 U.S. at 325.

12

13    Now, the burden shifts to Plaintiffs to demonstrate a

14 genuine issue of material fact that must be resolved at

15 trial.  Celotex, 477 U.S. at 324; Anderson, 477 U.S. at

16 256.  Plaintiffs do not rebut Defendants' assertions with

17 any admissible evidence; accordingly Plaintiffs do not

18 meet their burden.  Officer Christian and the Corona City

19 Police Department are entitled to summary judgment as to

20 Plaintiffs' Fourth Amendment claim.

21

22    **2.  Fifth Amendment**

23    Plaintiffs allege their Fifth Amendment rights were

24 violated by Defendants, but do not provide in their FAC

25 the basis for this claim.  Defendants construe

26 Plaintiffs' claim as being one for a violation of due

27 process, protected under the Fifth Amendment.  Defendants

28

then argue the due process clause of the Fifth Amendment applies only to the federal government, not to municipalities or individual police officers, and, thus, that the claim is improper.  (See Mot. at 8.)

The Fifth Amendment is a limitation on the powers of the federal government.  See, e.g., High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 570-71 (9th Cir. 1990); Geneva Towers Tenants Org. v. Federated Mortgage Investors, 504 F.2d 483, 487 (9th Cir. 1974).  The rights to due process, both substantive and procedural, and equal protection apply to the states through the Fourteenth Amendment.  See, e.g., Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 175-176 (1985).  Here, Defendants are not federal actors; thus Plaintiffs' claim for violation of the Fifth Amendment is improper against them.  See Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005).  Furthermore, Plaintiffs failed to allege the City of Corona had a policy, practice, or custom that violated their Fifth Amendment rights; there is no basis for the City of Corona's liability on this claim.  See Monell, 436 U.S. at 691, 694; Gibson, 290 F.3d at 1185 (9th Cir. 2002).

Accordingly, Defendants are entitled to summary judgment as to Plaintiffs' Fifth Amendment claim.

### 3.   Fourteenth Amendment

Plaintiffs allege Defendants violated their Fourteenth Amendment due process rights.  Plaintiffs bring this claim against the City of Corona, without alleging that the City has a custom, practice, or policy that violates Plaintiffs' rights; Defendant City of Corona is entitled to summary judgment as to the Fourteenth Amendment claim, as a municipality has no respondeat superior liability for the acts of its employees.  See Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

As to Officer Christian and the Corona City Police Department, Defendants argue Plaintiffs have no evidence to prove this claim and also present Officer Christian's Declaration to show his arrest of Reza was reasonable, not based on Reza's race or ethnicity, and was supported by probable cause.  (See Mot. at 8-10; Christian Decl. at ¶¶ 5-11.)

Plaintiffs carry the burden of proof on this claim at trial; Defendants meet their burden by pointing out Plaintiffs have no evidence to support their claim, or by presenting evidence to defeat Plaintiffs' claim.  See Celotex, 477 U.S. at 325.

1    Now, the burden shifts to Plaintiffs to demonstrate a

2 genuine issue of material fact that must be resolved at

3 trial.  Celotex, 477 U.S. at 324; Anderson, 477 U.S. at

4 256.  Plaintiffs do not rebut Defendants' assertions with

5 any admissible evidence; accordingly Plaintiffs do not

6 meet their burden.  Officer Christian and the Corona City

7 Police Department are entitled to summary judgment as to

8 Plaintiffs' Fourteenth Amendment claim.

9

10 **D.   Claim Four**

11    Plaintiffs claim intentional racial discrimination,

12 "the unlawful use of force, assault, battery, arrest,

13 detention, conspiracy, imprisonment, prosecution, racial

14 and ethnic profiling, interference with right to

15 patronize businesses and denial of equal protection," in

16 violation of California Civil Code §§ 51.7, 52.1 and

17 52.3.[4]

18

19    **1.   California Civil Code § 51.7**

20    In order to establish a prima facie claim for a

21 violation of California Civil Code § 51.7, a plaintiff

22 must prove the following elements: (1) that the defendant

23 _____

24    [4] There is no private right of action to enforce
California Civil Code § 52.3.  See Cal. Civ. Code §

25 52.3(b) ("The Attorney General may bring a civil action
in the name of the people to obtain appropriate equitable

26 and declaratory relief [for the violation of this
provision]...") (emphasis added).  Accordingly,

27 Defendants are entitled to summary judgment as to
Plaintiffs' claim for violation of California Civil Code

28 § 52.3.

interfered with or attempted to interfere with the
plaintiff's constitutional or statutory right by
threatening or committing violent acts; (2) that the
plaintiff reasonably believed that if she exercised her
constitutional right the defendant would commit violence
against her or her property to prevent her from
exercising her constitutional right or retaliate against
the plaintiff for having exercised her constitutional
right; (3) that the plaintiff was harmed; and (4) that
the defendant's conduct was a substantial factor in
causing the plaintiff's harm.   See Austin B. v. Escondido
Union School Dist., 149 Cal. App. 4th 860, 882 (2007).

Defendants argue Plaintiffs have no evidence to
support their claim and also present evidence, from
Officer Christian's Declaration, that the arrest of Reza
Akhtarshad was not motivated by Reza's ethnicity. (See
Mot. at 11-13; Christian Decl. at ¶¶ 5-6.)  Defendants,
thus, meet their burden of presenting evidence that tends
to show Plaintiffs cannot prove an essential element of
their claim.   See Celotex, 477 U.S. at 325.

Now, the burden shifts to Plaintiffs to demonstrate a
genuine issue of material fact that must be resolved at
trial.  Celotex, 477 U.S. at 324; Anderson, 477 U.S. at
256.  Plaintiffs do not rebut Defendants' assertion with
any admissible evidence; accordingly Plaintiffs do not

1    meet their burden.  Defendants are entitled to summary
2    judgment on Plaintiffs' claim for violation of California
3    Civil Code § 51.7.

4

5        **2.  California Civil Code § 52.1**

6        To demonstrate a prima facie claim for violation of
7    California Civil Code § 52.1, a plaintiff must show
8    interference or attempted interference, by threats,
9    intimidation, or coercion, with her exercise of
10   constitutional rights, privileges, or immunities.  <u>See</u>
11   Cal. Civ. Code § 52.1.  Defendants argue Plaintiffs
12   cannot demonstrate a violation of this statutes and they
13   present evidence to show Officer Christian did not
14   interfere with Plaintiffs' rights, because Officer
15   Christian's arrest of Reza was reasonable and based on
16   probable cause.  (<u>See</u> Mot. at 12-13; Christian Decl. at ¶
17   5-11.)[5]  Defendants meet their burden of presenting
18   evidence that tends to show Plaintiffs cannot prove at
19   least an essential element of their claim.  <u>See</u> <u>Celotex</u>,
20   477 U.S. at 325.

21

22       Now, the burden shifts to Plaintiffs to demonstrate a
23   genuine issue of material fact that must be resolved at

24   _____

25        [5] Defendants also argue the governmental immunities
     proscribed in the Tort Claims Act and in California Penal
26   Code § 847(b) apply to shield the Defendants from
     liability for monetary and statutory damages.  (<u>See</u> Mot.
27   at 12.)  The Court need not reach these arguments,
     because the Court has already found Defendants met their
28   burden on this claim.

1  trial.  _Celotex_, 477 U.S. at 324; _Anderson_, 477 U.S. at

2  256.  Plaintiffs do not rebut Defendants' assertion with

3  any admissible evidence; accordingly Plaintiffs do not

4  meet their burden.  Defendants are entitled to summary

5  judgment on Plaintiffs' fourth claim for violation of

6  California Civil Code § 52.1.

7

8  **E.   Qualified Immunity for Officer Christian**

9  Defendants argue Officer Christian, as a police

10  officer, is entitled to qualified immunity as to all of

11  Plaintiffs' federal claims.  The Court has granted

12  Defendants summary judgment on all of Plaintiffs' federal

13  claims; thus it does not reach the issue of qualified

14  immunity.

15

16  **V. CONCLUSION**

17  For the foregoing reasons, the Court GRANTS

18  Defendants' Motion for Summary Judgment.

19

20

21

Dated: <u>February 10, 2009</u>

22
VIRGINIA A. PHILLIPS
United States District Judge

23

24

25

26

27

28